# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 06 2018, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donna Jameson
Jameson Law Office
Greenwood, Indiana

ATTORNEY FOR APPELLEE

Roger A. Young
Young and Young
Franklin, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re the Adoption of S.O., A.O., and N.O.: | June 6, 2018 |
| P.P., | Court of Appeals Case No. 41A01-1712-AD-2967 |
| *Appellant-Respondent,* | Appeal from the Johnson Superior Court |
| v. | The Honorable Marla Clark, Judge |
| A.O., | Trial Court Cause No. 41D04-1505-AD-016 |
| *Appellee-Petitioner* | |

**Vaidik, Chief Judge.**

# Case Summary

[1]     P.P. ("Mother") appeals the trial court's order terminating her parental rights and permitting Am.O. ("Stepmother") to adopt her children. Finding no error, we affirm.

# Facts and Procedural History

[2]     N.O., S.O., and A.O. were born out of wedlock to Mother and L.O. ("Father") in 2004, 2005, and 2008, respectively. Mother and Father's relationship ended, and Father married Stepmother in February 2009.

[3]     In October 2011, Mother contacted Father and stated that she thought it would be best if he kept the children. Seven months later, in May 2012, Father established paternity of the children and was awarded sole physical and legal custody of the children. The court entered a supervised parenting-time schedule for Mother and ordered that she pay $93 per week in child support. Over the next three years, Mother did not exercise her right to parenting time or pay any child support. In May 2015, Stepmother petitioned to adopt the children.

[4]     Mother objected to Stepmother's petition, and a hearing on the petition was held in September 2015. The court granted Stepmother's petition, concluding in part that (1) Stepmother had proven by clear and convincing evidence that for at least one year Mother knowingly failed to provide for the care and support of the children when able to do so as required by law or judicial decree and (2) adoption was in the best interests of the children. Appellant's App. Vol.

II pp. 68-72.  Mother appealed, and this Court reversed and remanded because the trial court had failed to consolidate the paternity and adoption cases and because Stepmother's background check did not satisfy the requirements of Indiana Code section 31-9-2-22.5.  *In re Adoption of S.O.*, 56 N.E.3d 77 (Ind. Ct. App. 2016).

[5]     On remand, the trial court consolidated the paternity and adoption cases, and Stepmother filed a background check that complied with the statute.  The trial court also set aside the child-support order, finding that Mother had not been properly served with it.  The court permitted Mother to have parenting time with the children every other weekend and one evening during the week, and Mother began exercising her parenting time.

[6]     A final hearing on Stepmother's adoption petition was held in August 2017.  Father testified that Mother had not provided any financial support for the children since 2012.  From 2012 to 2016 Mother's annual income ranged from $15,387 to $23,002.  *See* Exs. 2-6.  Despite her income being "at poverty levels," Mother lived independently, paid her own bills, never received food stamps or rent assistance, and never filed for bankruptcy.  Tr. Vol. II p. 91.  Mother stated that she had surgery in 2012 and that "most" of her income went to paying her medical bills and that she had no money left over for child support.  *Id.* at 83-84.  But Mother's bank statements from December 2015 to December 2016, which were admitted into evidence without objection, *see id.* at 74, showed that Mother frequently ate at restaurants, purchased diet and fitness programs that cost hundreds of dollars, and paid for cable television, Ex. 8.  Mother confirmed

that the statements were "reflective" of her expenses "for the last several years[.]" Tr. Vol. II p. 74.

[7] Stepmother stated that she has a good, healthy relationship with the children, that they talk to her about "everything," and that they refer to her as "mom" even though Mother was still in their lives. *Id.* at 33, 43. The children saw Stepmother as a parental figure and obeyed her. Stepmother also transported the children to and from their extracurricular activities and attended doctor appointments with them.

[8] In November 2017, the court granted Stepmother's petition to adopt. It concluded that Stepmother had proven by clear and convincing evidence that (1) "Mother failed to meaningfully communicate with the children for a period of at least one year"; (2) Mother had a common law duty to support her children even in the absence of a court order and that she "failed to provide for the care and support of the children for at least one year when she had the ability to do so"; and (3) adoption is in the children's best interests. Appellant's App. Vol. II pp. 22-23.

[9] Mother now appeals.

# Discussion and Decision

[10] Mother contends that the trial court erred when it concluded that her consent to the adoptions was not necessary and that adoption is in the best interests of the children. "When reviewing adoption proceedings, we presume that the trial

court's decision is correct, and the appellant bears the burden of rebutting this presumption." *In re Adoption of O.R.*, 16 N.E.3d 965, 972 (Ind. 2014). We will not disturb the trial court's ruling "unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion." *Id.* at 973. The trial court's findings of fact and conclusions will "be set aside only if they are clearly erroneous." *Id.* We will not reweigh the evidence or judge witness credibility, and we will only examine the evidence most favorable to the trial court's conclusion. *Id.*

[11] In most cases, a natural parent must consent to the adoption of their minor child. However, consent is not required from:

> A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
>> (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
>>
>> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

Ind. Code § 31-19-9-8(a)(2). The petitioner has the burden of proving by clear and convincing evidence that the non-custodial parent's consent to a stepparent adoption is not required. *In re Adoption of S.W.*, 979 N.E.2d 633, 640 (Ind. Ct. App. 2012).

[12]     Mother argues that the trial court erred when it concluded that she failed to provide for the care and support of the children for at least one year when she had the ability to do so as required by law or judicial decree. She challenges this conclusion on two grounds. First, she contends that she was not required by law or judicial decree to provide for the care and support of the children because the 2012 child-support order was set aside. She claims that the trial court erroneously relied on this child-support order when it reached its conclusion. But the trial court did not rely on the child-support order. Rather, it relied on Indiana's common law, as stated in *In re Adoption of S.W.*, which imposes a duty upon a parent to support their children even in the absence of a court order or statute. 979 N.E.2d at 639 n.2 (Ind. Ct. App. 2012); *see* Appellant's App. Vol. II p. 23. Mother does not argue that *S.W.* was wrongly decided or that the case is distinguishable from her situation. In fact, despite the trial court's explicit reliance on *S.W.*, Mother makes no mention of it on appeal. The trial court did not err when it concluded that Mother was "required by law or judicial decree" to support the children.

[13]     Mother also challenges the court's conclusion that she had the financial ability to support and care for the children. During the hearing, multiple exhibits regarding Mother's finances were admitted, including her tax returns from 2012 to 2015, her 2016 W-2, and her bank statements from December 2015 to December 2016. Mother's annual income during these four years varied from $15,000 to $23,000. Despite earning near "poverty levels," Mother never received food stamps or rent assistance, never filed for bankruptcy, paid her

own bills, and lived independently. Furthermore, Mother's bank statements showed that she frequently dined out, bought diet and fitness programs that cost hundreds of dollars, and paid for cable television. Mother contends that the bank statements show her financial activity after the adoption petition was filed and could not be relied on by the trial court. But Mother herself admitted that the statements were reflective of her expenses "for the last several years." The trial court's conclusion that Mother's consent was not necessary because she had knowingly failed to provide for the care and support of the children when able to do so as required by law or judicial decree is not clearly erroneous.[1]

[14] Mother contends that even if her consent was not required, adoption is not in the children's best interests. *See* Ind. Code § 31-19-11-1(a)(1) (requiring the trial court to also conclude that adoption is in the best interests of the children). The court found that Stepmother has a good, healthy relationship with the children, she cares for the children by preparing meals and transporting them to school and extracurricular events, she assists with homework, and the children refer to her as "mom." Appellant's App. Vol. II p. 20. Mother does not challenge these findings. Instead, she focuses on the fact that, while on remand, she began exercising her parenting time. Mother claims that a bond formed between her and the children and that the trial court ignored this bond. This

---

[1] Mother also challenges the trial court's conclusion that her consent was not necessary because she failed for at least one year to communicate significantly with the children when able to do so. Indiana Code section 31-19-9-8(a)(2) is written in the disjunctive, and either provision provides a ground for dispensing with parental consent. *S.W.*, 979 N.E.2d at 640. Because we affirm on the ground that Mother failed to support the children for at least one year, we do not address this argument.

argument is a request for us to reweigh the evidence, which we will not do. *O.R.*, 16 N.E.3d at 973.

[15] Mother further contends that the trial court based its best-interests conclusion "on monetary issues and Stepmother being involved in the children's lives as a result of marriage to Father." Appellant's Br. p. 27 (citing to Appellant's App. Vol. II p. 23, conclusions 15, 17). But the trial court is required to make certain findings and conclusions, including that Stepmother is "of sufficient ability to rear the child and furnish suitable support and education." I.C. § 31-19-11-1(a)(2). Furthermore, the trial court's conclusion that "Stepmother has filled the role of mother to the children for the last seven years[]" was supported by the court's findings of fact, and Mother does not challenge any of the court's findings. Appellant's App. Vol. II p. 23. The trial court's conclusion that adoption is in the children's best interests is not clearly erroneous.

[16] Affirmed.

Barnes, J., and Pyle, J., concur.